## CLAIM OF CO-HEIRS BARRED BY THE STATUTE.

Common Pleas Court of Hamilton County.

Mary Humphrey v. Rudolpho R. Rowley et al.

Decided, 1916.

*Limitation of Actions—Action to Enforce Agreement Among Heirs as to Payment of Debts of the Estate—Bar of the Statute Interposed.*

A, M, and J, the heirs of W, deceased, on March 23, 1899, entered into an agreement to divide the lands of W as follows: A to take the home farm east of the township road, assuming an indebtedness of $3,000, more or less, that existed against W's estate; M to take the home farm west of the township road, except certain designated lots of land, and to assume $1,000 of the indebtedness of said estate; and J to have the balance of the estate free from any of the debts of the estate. Mutual conveyances to carry out this agreement were made by the parties. The said A paid only $1,600 on account of the debts of the estate. The said M, in order to protect the title to the real estate she received in the amicable partition, was compelled to pay debts amounting to $1,217.85 over and above the $1,000 assumed by her. On September 15, 1903, A paid to M the sum of $255, on account of the $1,217.85 paid by the said M. In an action brought by M against the heirs of A, to recover from them the amount claimed to have been paid by said M on account of the indebtedness assumed by said A, less the said $255, and for a lien upon the real estate conveyed under said agreement to said A, in favor of said M, to secure the said amount; *Held*, That the action is barred by the statute of limitations, more than ten years having elapsed between September 15, 1903, the date of the alleged payment, and the date of the filing of the petition.

*Charles M. Leslie,* for the demurrer.
*Charles S. Bell* and *I. L. Huddle,* contra.

Geoghegan, J.

Heard on demurrer to the second amended petition.

This matter can be disposed of by the application of simple but well known principles to the facts as stated in the second amended petition. They are, briefly, as follows: That John

Humphrey, Angie H. Rowley and the plaintiff were the children and heirs at law of William Humphrey, deceased; that Angie H. Rowley is deceased and the defendants are the husband, children and grandchildren of the said Angie H. Rowley; that William Humphrey, on the 9th day of January, 1892, executed his promissory note to the plaintiff, Mary Humphrey, in the sum of $1,000; that he died on the 4th day of October, 1894; that by his last will and testament he devised his property to his wife, Rosamond Humphrey, for life, with remainder to the three children, John, Angie H. and Mary, share and share alike; that the said will was admitted to probate on the 19th day of October, 1894, but that no further steps were taken to administer the said estate; that at the time of his death no part of the note had been paid; that Rosamond Humphrey, the life tenant, died on or about October 4, 1898; that subsequent to the death of said Rosamond Humphrey, the aforementioned John, Angie H. and Mary entered into an agreement for the amicable partition of the real estate; that said agreement was as follows:

"REMINGTON, OHIO, Mar. 23, 1899.
"This paper is to certify that we the undersigned, John Humphrey, Mary Humphrey and Angie H. Rowley, heirs of the estate of William Humphrey (deceased) do hereby agree among ourselves to divide the said Estate situated in Symmes Township near Remington, Ohio, according to said William Humphrey's Will, in the following manner:  Angie H. Rowley to take the Home Farm East of the Township Road assuming an indebtedness of $3,000 Three Thousand Dollars more or less that exists against said Estate; Mary Humphrey to have all of the Home Farm West of said Township Road except Lot near Remington Station and a strip of land running East from the School house lot, the north line running East with the north line of the School House fence to the Township Road, said Mary Humphrey to assume $1,000 One Thousand Dollars of the Indebtedness of the said William Humphrey Estate.

"John Humphrey to have lot near the Station and a strip of land running East from School house lot, the north line being the North line of School House Lot running east to the Township Road, and The Farm known as the upper place purchased

from Mrs. Mary Rich. Said Farm to be free from debt of the
said William Humphrey Estate.

"JOHN HUMPHREY,
"MARY HUMPHREY,
"ANGIE H. ROWLEY."

That in pursuance of said agreement the parties thereto de-
livered to each other their deeds to carry said agreement into
full force and effect; that neither Angie H. Rowley, during her
lifetime, nor her heirs at law or next of kin, have complied with
her obligation under said contract to pay $3,000 of the debts
due from the estate of said William Humphrey, but that only
about $1,600 was paid by said Angie H. Rowley on account of
said debts; that on or about the 15th day of September, 1903,
the said Angie H. Rowley paid on account of the indebtedness
due this plaintiff under said contract for an amicable partition
of the real estate of said William Humphrey the sum of $255.
The plaintiff prays that the court determine the amount due
plaintiff and that an accounting be had from the heirs of Angie
H. Rowley; that the difference between the amount paid and
the amount agreed to be paid be declared a lien upon the real
estate of Angie H. Rowley, deceased, or upon a fund created
by the sale of said real estate, and that the amount be ordered
paid to this plaintiff.

The plaintiff claims that she is entitled to this relief by rea-
son of the fact that to protect her title to the said real estate,
which she received in the amicable partition, she was compelled
to pay debts due from the estate of said William and Rosamond
Humphrey in the sum of $1,217.85.

The defendants demur to this petition for several reasons, but
the matter can be disposed of upon the ground that the action
was not brought within the time limited for the commencement
of such actions.

This action was brought on June 3, 1915.

Counsel for plaintiff insists that this is an action upon the
contract set forth above, and payment having been made, as
recited, in September, 1903, he would still have fifteen years

from that date within which to bring the action under the provisions of Section 11223 of the General Code.

However, an examination of the contract discloses that in so far as the plaintiff is concerned the contract was not made for her benefit. While it is true that Angie Rowley agreed to pay certain debts, the plaintiff herself also agreed to pay certain debts. The contract, therefore, was not for the benefit of the parties to the contract, but was for the benefit of the creditors of the estate. If the plaintiff, Mary Humphrey, undertook to pay certain of the debts which Angie H. Rowley might have been obligated to pay under the contract, then the best position that the said Mary Humphrey can place herself in is .that of being subrogated to the rights of the creditors under the contract.

Assuming that the creditors of the estate of William Humphrey would have had a right to enforce this contract as against Angie Rowley—an assumption that is only made for the purpose of this opinion—and if the said Mary Humphrey, for the purpose of protecting the property she received in the partition proceedings against these claims, voluntarily stepped in and paid them, she must either rely upon an implied promise on the part of Angie Rowley to reimburse her for what she had paid or claim to be subrogated to the rights of the creditors she had paid under the contract as against the said Angie Rowley. In either event this claim would be barred, because, assuming that the payment of September 15, 1903, tolled the running of the statute, still, more than ten years had elapsed from that time to the date of the filing of the petition, and therefore, taking the view either of an implied promise to reimburse or the right to be subrogated to the claims of the creditors, the action would be barred either by the six-year statute of limitations or the ten-year statute of limitations, respectively. *Neilson & Churchill* v. *Frey,* 16 Ohio St., 553; *Poe* v. *Dixon,* 60 Ohio St., 125; *Neal* v. *Nash,* 23 Ohio St., 483.

I have held heretofore in this same case that the said Mary Humphrey could not sue as a creditor, because of the note of $1,000 upon this contract. The contract does not designate

either a specific creditor whose claim is to be paid, or a specific class whose claims are to be paid, and therefore the doctrine of *Emmit* v. *Brophy*, 42 Ohio St., 82, is not an authority to support plaintiff's contention herein. The obligation of Angie Rowley, in so far as the contract is concerned, was simply to pay $3,000, more or less, of the debts of the estate. She neither agreed by this contract to pay the debt due to Mary Humphrey, nor did she agree to pay all the debts of the estate. Therefore, Mary Humphrey, as an individual creditor of the estate, could not bring an action on this contract to recover her debt because the contract can not be construed as an agreement to pay that debt.

Certain New York cases which support this view have been discussed by me in the opinion on the motion for a new trial in the case of *Emerson* v. *Central Trust & Safe Deposit Company*, No. 155346 on the dockets of this court, and it is also supported by the following Indiana case, *Reynolds* v. *Railway*, 143 Ind., 579.

For these reasons the demurrer will be sustained.